UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURTIS MIDDLEBROOKS,

        Plaintiff,

 v.            **DECISION AND ORDER**
                15-CV-1054-A

SUPERINTENDENT M. BRADT, et al.,

        Defendants.

---

  This case was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On April 17, 2017, Magistrate Judge Scott filed a Report and Recommendation (Dkt. No. 35) recommending that Defendants' second motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) on statute of limitations grounds (Dkt. No. 24) be granted.

  On May 1, 2017, *pro se* Plaintiff Curtis Middlebrooks filed objections to the Report and Recommendation. Dkt. No. 36. Defendants responded on May 10, 2017. Dkt. No. 39. A reply date remained open for Plaintiff, but the matter is deemed submitted without the reply, and without oral argument, because the Defendants' response makes them unnecessary.

  Pursuant to 28 U.S.C. §636(b)(1), this Court reviews *de novo* those portions of the Report and Recommendation (Dkt. No. 35) to which objections have been made. Upon *de novo* review, and after reviewing the submissions from the parties, the Court adopts the Magistrate Judge's findings and conclusions, in part, and

rejects them, in part.

The Court presumes close familiarity with all prior proceedings. The Magistrate Judge recommended in the April 17, 2017, Report and Recommendation that the Court find that Plaintiff Middlebrooks' appeal of denial of a third grievance[1] on February 16, 2012 was itself denied as untimely by letter dated April 9, 2012, and became final on that date. This recommendation was based upon the Magistrate Judge's review of a different letter from officials to the Plaintiff dated November 2, 2012, that references an April 9, 2012 denial letter. Dkt. No. 35, pp. 19-21. No copy of an April 9, 2012 denial letter is before the Court.

The recommendation that the appeal of denial of Plaintiff Middlebrooks' third grievance was final as of April 9, 2012, was made by Magistrate Judge Scott *sua sponte*, without prior notice to the parties. The recommended finding contradicts the Defendants' position that "Plaintiff received a final decision from CORC noting his failure to timely file an appeal of his third grievance [A-59251-12] on November 2, 2012." Dkt. No. 24-2 (Defendant's Statement of Uncontested Facts ¶ 3; citing a copy of the November 2, 2012 letter attached to Plaintiff's Complaint). Moreover, the recommendation is inconsistent with an earlier finding. *See* Dkt. No. 17, pp. 5, 9-10, adopted by Dkt. No. 22. The issue was not fairly in dispute when the Magistrate Judge recommended changing the earlier finding. *See* Fed. R. Civ. P. 56(f); *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000).

No evidence that the denial of an untimely appeal of the third grievance was

---

[1] Grievance No. A-59251-12.

final on April 9, 2012, other than the November 2, 2012 letter to Plaintiff Middlebrooks, is before the Court. Plaintiff timely objected to the Magistrate Judge's recommendation, conceding that denial of an appeal of his third grievance was final as of November 2, 2012, and more than adequately disputing for present purposes that the denial was not final on April 9, 2012. Dkt. No. 36, ¶¶ 34-39, pp. 9-11.

The Defendants' response to Plaintiff Middlebrooks' objections contends the objections are irrelevant to the statute of limitations issue before the Court. That is incorrect. If denial of the third grievance was not final until November 2, 2012, as the Defendants may have conceded, *see* Dkt. No. 24-2, ¶ 3, and the Plaintiff proves he mailed his Complaint on November 2, 2015, the Complaint was not time barred.

For the reasons stated above, the Court does not adopt the recommendation of the April 17, 2017 Report and Recommendation that denial of Plaintiff Middlebrooks' third grievance was final on April 9, 2012. The Court otherwise adopts upon clear error review the recommendation that genuine issues of material fact preclude a grant of summary judgment on statute of limitation grounds, at this time, regarding the parties' dispute whether Plaintiff mailed the Complaint on November 2, 2015, or later. Defendants' second motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) on statute of limitations grounds (Dkt. No. 24) is therefore denied.

The case is recommitted to the Magistrate Judge under the terms of the Court's prior referral order at Text Order 9. The Magistrate Judge's denial of the Plaintiff's motion to amend his pleading and to add parties (Dkt. No. 26) on the

ground the motions were moot is hereby vacated in light of this Decision and Order, and is recommitted to the sound discretion of the Magistrate Judge.

**IT IS SO ORDERED.**

_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: May 12, 2017