UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURTIS MIDDLEBROOKS,

                Plaintiff,

                                                      DECISION AND ORDER
      v.                                          15-CV-1054A

SUPERINTENDENT M. BRADT, et al.,

                Defendants.

---

This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1)(B). On January 2, 2018, Magistrate Judge Scott filed a Report and Recommendation (Dkt. No. 65), recommending that the Defendants' motion for summary judgment (Dkt. No. 57) be granted for a variety of reasons, including, as relevant here, that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Specifically, Judge Scott noted that, "[a]s defendants demonstrate and as plaintiff admits, plaintiff failed to exhaust his grievance and appellate rights, only going so far as the second tier in the three-tier grievance and appeal process in his third grievance." Dkt. No. 65 at 22.

On January 22, 2018, Plaintiff filed objections to the Report and Recommendation. Dkt. No. 66. Plaintiff did *not*, however, object to Judge Scott's conclusion that Plaintiff failed to exhaust his administrative remedies. Failure to object to a magistrate judge's recommendation means that the district court reviews the recommendation only for clear error. *See, e.g., United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

The Court adopts Judge Scott's recommendation that the Defendants' motion for summary judgment should be granted because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act requires a prisoner to "proper[ly] exhaust[]" administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issue on the merits.)" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotation marks omitted; emphasis in original). Plaintiff has not shown that there is a genuine factual dispute over whether he properly exhausted his grievance and, thus, summary judgment must be granted for the Defendants. Because the Court adopts the Report and Recommendation on this basis, the Court need not address Plaintiff's objections to the remainder of Judge Scott's recommendations.

Thus, the Defendants' motion for summary judgment (Dkt. No. 57) is granted. The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: March 21, 2018